HUDSON COUNTY BUS OWNERS ASSOCIATION ET AL., PROSECUTORS, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., DEFENDANTS.

Submitted October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the rule, *Barison & Barison.*

*Contra, William H. Speer, Leland Taliaferro* and *John W. Queen.*

PER CURIAM.

A rule to show cause was granted in this case, why a writ of *certiorari* should not be allowed to review an order made by the board of public utility commissioners, dated August 14th, 1928, approving the application of the Public Service Transportation Company to operate seven (7) auto buses between and including Secaucus and Weehawken, Hudson county, New Jersey. The town council of the town of Secaucus had previously passed a resolution revoking and rescinding the municipal consent, which had been previously given by it to the Public Service Transportation Company to operate auto buses through the town. The board of public utility commissioners held this revocation by the town of Secaucus was unlawful, and rightfully so as we think; under *Pamph. L.* 1926, *p.* 221, *ch.* 144; because of the fact that it was done without notice and hearing and without the approval of the board, and further determined that the municipal consent granted to the petitioner by the town of Secaucus is still in effect in its present form. The board found from the evidence submitted and determined that the consents granted to the petitioner for the operation of seven auto buses are necessary and proper for the public convenience, and properly conserve the public interest, and approves the same upon six conditions therein set out, which are not now necessary to state, to a decision of this case.

Three points are urged by the prosecutor for the allowance of the writ. One and three, the board of public utility commissioners were without jurisdiction to make the order sought to be reviewed, dated August 14th, 1928. Not so, under *Pamph. L.* 1911, *p.* 384, § 24. Second, the order made by the board of public utility commissioners does not conform to the municipal consents. We think it is unnecessary to pursue a discussion of these points in detail. They are without legal merit.

We are satisfied with the decision of the board of public utility commissioners, as set out in the printed book on pages 5 to 10.

The rule to show cause is therefore discharged, and the alowance of a writ of *certiorari* is refused.