PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY, GARDEN STATE LINES, INC., ET AL., DEFENDANTS.

Argued January 23, 1941—Decided July 25, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *William H. Speer.*

For the defendant Board of Public Utility Commissioners, *John A. Bernhard.*

For the defendant Garden State Lines, Inc., *Maurice J. Cronin.*

PER CURIAM.

On December 19th, 1939, the Borough of Maywood granted to prosecutor a "consent" to operate ten auto buses on the Hackensack-New York Bus Route No. 82 over certain streets of the borough. On December 30th, 1939, the local governing body "rescinded" the consent.

On January 13th, 1940, prosecutor made application to the Board of Public Utility Commissioners for "approval" of the consent thus given; and on January 18th ensuing, the borough clerk advised the Utility Board of the rescission of the consent.

The Utility Board concluded that, since it had been "formally notified" of the revocation of the consent, it "must assume that its passage was in accordance with law;" and that the revocation is not a nullity for failure of a hearing on notice to prosecutor, nor for failure of approval by the Utility Board, because "the statute * * * does not require revocation to be approved by the board until the municipal consent has in fact and in law become a validly approved consent;" and so the rescission was effective, and there was a lack of the statutory prerequisite of municipal consent. This writ was thereupon sued out.

It is the insistence of prosecutor that, under *R. S.* 1937, 48:4-7, such a consent "in effect" continued "in effect until revoked as therein provided," and "no such revocation" becomes "effective until" the Utility Board, "after hearing, shall approve the same."

The defendants invoke the case of *Board of Public Utility Commissioners* v. *Sheldon,* 95 *N. J. Eq.* 408, holding that such consent "is inchoate and ripens into a right only upon the * * * approval" of the Utility Board; and the argument is made that *R. S.* 1937, 48:4-7 refers only to a consent made effective by the approval of the Utility Board, and that until then the municipal governing body has full power to revoke the consent. But the case is controlled in this respect by *Hudson County Bus Owners' Association* v. *Board of Public Utility Commissioners,* 6 *N. J. Mis. R.* 1070; 143 *Atl. Rep.* 755. In our view, it is not a distinguishing circumstance that there the attempted withdrawal of the local consent was

made while the application for its approval was pending before the Utility Board, while the converse of that is the case here. Since that is so, we are not called upon to discuss the statutory interpretations advanced by defendants.

The judgment is accordingly reversed, with costs.